JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PB BRANDS LLC
348 Baltustrol Circle
Roslyn, NY  11576

### DEFENDANTS
JAY GANESH FOOD, INC.,
d/b/a PATEL GROCERY STORE
2825 Tyson Avenue
Philadelphia, PA  19149

**(b)** County of Residence of First Listed Plaintiff   Nausau County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant      Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:      IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph J. Hamill, Jr., Esquire
Fineman Krekstein & Harris, P.C.
1801 Market Street - Suite 1100
Philadelphia, PA  19103
215-893-9300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fed. Trademark Act 15 U.S.C.  Sections 1051-1127

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

{01032838;v1}

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PB BRANDS LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| JAY GANESH FOOD, INC. | : | |
| d/b/a PATEL GROCERY STORE | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                 (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (  )

| | | |
|---|---|---|
| 11\30\15 | Joseph J. Hamill, Jr., Esquire | Plaintiff - PB Brands LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-893-8713 | 215-893-8719 | jhamill@finemanlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _348 Baltustrol Circle, Roslyn, New York, 11576_

Address of Defendant: _2825 Tyson Avenue, Philadelphia, PA, 19149_

Place of Accident, Incident or Transaction: _Philadelphia, PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) _Trademark_

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Joseph J. Hamill, Jr._, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _11/30/15_    _Joseph J. Hamill, Jr._    _71550_
                         Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/30/15_    _____    _71550_
                         Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

<table>
<tr><td>

PB BRANDS LLC,

    Plaintiff,

    v.

JAY GANESH FOOD, INC., D/B/A PATEL
GROCERY STORE,

    Defendant.

</td><td>

Civil Action No.

</td></tr>
</table>

### COMPLAINT

Plaintiff PB BRANDS LLC ("Plaintiff "), by way of its complaint against defendant JAY GANESH FOOD, INC., D/B/A PATEL GROCERY STORE ("Defendant"), alleges as follows:

### PARTIES

1.    Plaintiff is a New York limited liability company having its principal place of business at 348 Baltustrol Circle, Roslyn, New York 11576.

2.    Upon information and belief, Defendant is a Pennsylvania corporation having its principal place of business at 2825 Tyson Ave., Philadelphia, PA 19149.

### JURISDICTION AND VENUE

3.    Plaintiff files this action against Defendant under the Federal Trademark Act, 15 U.S.C. Sections 1051-1127.

4.    Jurisdiction is conferred on this Court by 28 U.S.C. Sections 1331, 1338, and 1367 and 15 U.S.C. Section 1121.

5.    Venue is proper in this District under 28 U.S.C. Section 1391(a).

6.      Defendant resides within and/or conducts business within the jurisdiction of this Court.

## PLAINTIFF AND PLAINTIFF'S MARKS

7.      Plaintiff owns multiple trademarks and service marks for retail and wholesale grocery services and trademarks for selling food products (collectively, the "Plaintiff's Marks").

8.      Plaintiff is in the business of licensing Plaintiff's Marks to its licensees d/b/a Patel Brothers, Patel's Cash & Carry, Patel Food Market, or Patel Brothers Cash & Carry (collectively, "Patel Brothers" or "licensees"), each of which operate retail grocery stores specializing in, and focusing on customers desiring, South Asian goods.

9.      Plaintiff and the predecessor-in-interest to Plaintiff's Marks (hereinafter collectively referred to as "Plaintiff") have made exclusive and continuous use of Plaintiff's Marks in connection with licensing Plaintiff's Marks to licensees in the business of selling retail South Asian groceries since 1974.

10.      Plaintiff licenses Plaintiff's Marks to multiple entities d/b/a Patel Brothers, which operate 54 retail locations for South Asian groceries in North America, 50 in the United States and four in Canada.

11.      Plaintiff has embarked and continues to embark on a vigorous, popular and costly national advertising and commercial campaigns to promote Patel Brothers retail locations.

12.      Plaintiff's advertising and commercial campaigns for Patel Brothers stores typically feature a Plaintiff's Mark consisting of "PATEL BROTHERS", as depicted in the two examples below:

2





13.     The commercials, which have aired on major South Asian television channels within the United States, often show a Patel Brothers storefront with a large and visible Plaintiff's Mark, such as the storefront included in an example advertisement for Patel Brothers that can be found at https://www.youtube.com/watch?v=mfcskqrk4cI&feature=youtu.be.

14.     Plaintiff's additional advertising efforts include newspaper advertisements, direct mail flyers and electronic flyers available through Plaintiff's website (www.patelbros.com), which also feature a Plaintiff's Mark consisting of "PATEL BROTHERS", as depicted in the example advertisement for the licensee Patel Brothers retail location in Bensalem, Pennsylvania below:

3





15.     Plaintiff also maintains a media presence for Plaintiff's Marks and Plaintiff's licensees in local newspapers and South Asian television networks.

16.     So as to protect the brand recognition and goodwill created by its advertising campaigns, Plaintiff has formally protected certain service marks and trademarks.

17.     Plaintiff is the owner of all right, title, and interest in and to the well-known trademarks "PATEL BROTHERS", "PATEL'S CASH & CARRY", as well as other trademarks and service marks.

18.     Specifically, Plaintiff is the owner of United States Trademark Reg. No. 1,874,341 for the mark "PATEL BROTHERS", which issued January 17, 1995.   This trademark has become incontestable.   Plaintiff's Registration is valid and subsisting.   A copy of Plaintiff's Registration, issued by the U.S. Patent and Trademark Office ("PTO") and the trademark assignment showing the status and title of Plaintiff's Registration, are attached hereto as **Exhibit A**.   Exhibit A is conclusive evidence of Plaintiff's ownership of the mark "PATEL BROTHERS", of the validity of Plaintiff's Mark, and of Plaintiff's exclusive right to license the mark in connection with Plaintiff's licensees' stores.

19.     Additionally, Plaintiff is the owner of United States Trademark Reg. No. 2,043,986 for the mark "PATEL'S CASH & CARRY", which issued March 11, 1997.   This trademark has become incontestable.   Plaintiff's Registration is valid and subsisting.   A copy of Plaintiff's Registration, issued by the PTO and the trademark assignment showing the status and title of Plaintiff's Registration, are attached hereto as **Exhibit B**.   Exhibit B is conclusive evidence of Plaintiff's ownership of the mark "PATEL'S CASH & CARRY", of the validity of Plaintiff's Mark, and of Plaintiff's exclusive right to license the mark in connection with Plaintiff's licensees' stores.

6

20.     Plaintiff has been using Plaintiff's Marks in connection with Patel Brothers goods and services continuously since at least 1997.   During such time, Plaintiff has spent considerable time, effort and money in advertising and promoting Patel Brothers stores and Plaintiff's Marks. As a result of Plaintiff's vigorous marketing, advertising, and promotion of its licensees' stores, and Plaintiff's Marks, Plaintiff's Marks and Plaintiff's licensees' stores have become well-known as distinctive indicators of Plaintiff's licensees' South Asian grocery products and retail services, acquired a highly favorable reputation among members of the purchasing public, and become valuable symbols of Plaintiff's goodwill.

21.     Plaintiff's Marks are strong, inherently distinctive, and arbitrary as applied to its licensees' products and services.

22.     Moreover, the distinctiveness of Plaintiff's Marks as a source indicator for Plaintiff's licensees has been increased by virtue of Plaintiff's long-term use and vigorous promotion of Plaintiff's Marks through commercials and advertising.

23.     Plaintiff's Marks are famous trademarks.

**DEFENDANT AND DEFENDANT'S CONFUSINGLY SIMILAR MARKS**

24.     Defendant operates a retail grocery store, which sells South Asian groceries, that is located within 10 miles of one of Plaintiff's licensees (Patel Brothers, 1915 Street Road, Bensalem, PA 19020).

25.     Upon information and belief, Defendant's use of Plaintiff's Marks has caused confusion within the geographic area surrounding Defendant's store with the infringing marks to the extent that members of the community have inquired as to whether Defendant was in fact a licensee.

26.    Defendant's use of confusingly similar marks caused multiple individuals to complain to Plaintiff's licensee about the merchandise Defendant's store carried.

27.    Upon information and belief, Plaintiff's licensee's customers with complaints concerning the quality of products and services provided by Defendant's store were actually confused by thinking that Defendant's store was Plaintiff's licensee.

## DEFENDANT'S UNAUTHORIZED
## DILUTING AND INFRINGING ACTIVITIES

28.    Notwithstanding Plaintiff's prior rights in Plaintiff's Marks, Defendant has adopted a name and signage for its store which mimics Plaintiff's licensees' names and signage as a means for commercially advancing the products and services of the fictitious entity Patel Grocery Store.

29.    This includes but may not be limited to the following:

a.    Defendant has used Plaintiff's Marks.

b.    Defendant has traded on Plaintiff's goodwill by advertising and doing business under the name "Patel Grocery Store" in a location less than ten miles away from one of Plaintiff's licensees.

30.    Plaintiff has used, advertised and promoted Plaintiff's Marks in interstate commerce from a date prior to any use of the Marks by Defendant.

31.    The registrations for Plaintiff's Marks were issued prior to any use by Defendant of Defendant's Marks.

32.    Plaintiff notified Defendant of its unauthorized diluting and infringing activities.

33.    Defendant, through its counsel, responded to Plaintiff's notice.

34.    Despite being given notice, Defendant willfully continued to dilute and infringe Plaintiff's Marks and trade on Plaintiff's goodwill.

## COUNT I
### (Federal Trademark Infringement)

35.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 34, above, as if set forth in their entirety herein.

36.     Plaintiff's Marks and the corresponding registrations, as well as Plaintiff's correspondence with Defendant, constitute constructive notice to Defendant of Plaintiff's claim of ownership of Plaintiff's Marks as provided in 15 U.S.C. Section 1072.

37.     The name and signage set forth by Defendant are confusingly similar to Plaintiff's Marks and create a likelihood of confusion, mistake or deception as to the source of Defendant's goods and services.

38.     Defendant is thereby infringing Plaintiff's Marks.

39.     Defendant's aforesaid infringing activities have caused and threaten to cause great and irreparable harm to Plaintiff by diverting revenue from Plaintiff and harming Plaintiff's reputation.

40.     Defendant's aforesaid infringing activities have caused and are likely to cause continued great and irreparable harm to Plaintiff through confusion in the market and in the minds of Plaintiff's licensees' customers and potential customers.

## COUNT II
### (Federal Unfair Competition)

41.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 40, above, as if set forth in their entirety herein.

42.     Defendant's aforesaid infringing activities constitute unfair competition, unfair trade practices and false designation of origins and have caused, and threaten to cause, great and irreparable harm to Plaintiff by diverting revenue from Plaintiff which Plaintiff would otherwise

obtain through licensing, sale, leasing or production of Plaintiff's Marks and harming Plaintiff's reputation, all in violation of Title 15 U.S.C. Section 1125(a).

43.     Defendant's aforesaid infringing activities have caused and are likely to cause continued great and irreparable harm to Plaintiff through confusion, mistake or deception in the market and in the minds of Plaintiff's licensees' customers and potential customers.

## COUNT III
### (Trademark Dilution - §43(c))

44.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 43, above, as if set forth in their entirety herein.

45.     Defendant's Marks are essentially identical to Plaintiff's Marks, as they contains no distinctive matter other than the designation "Patel Grocery Store" instead of "Patel Brothers" or "Patel's Cash & Cary."

46.     The literal portion of Defendant's Marks are essentially identical to Plaintiff's Marks in all respects, as it contains no distinctive matter other than the designations heretofore referenced.

47.     Use of Defendant's Marks is likely to and will cause dilution by blurring and dilution by tarnishment of Plaintiff's Marks, impairing the distinctive quality of Plaintiff's Marks.

48.     Use or registration of Defendant's Marks will promote an association in the minds of the public between Defendant's Marks and Plaintiff's Marks, and between Defendant and Plaintiff's licensees arising from the similarity between Defendant's Marks and Plaintiff's Marks, thereby impairing the distinctiveness of Plaintiff's Marks by lessening the capacity of Plaintiff's Marks to identify and distinguish Plaintiff's goods.

49.     Upon information and belief, Defendant intended to create an association between Defendant' Marks and Plaintiff's Marks because of the fame and good reputation of Plaintiff's Marks.

50.     Use and registration of Defendant's Marks will deprive Plaintiff of the ability to protect its reputation, persona, and goodwill.

51.     Use and registration of Defendant's Marks is likely to harm the reputation of Plaintiff's Marks because prospective customers who encounter defects in the quality of goods within Defendant's store will attribute those defects to Plaintiff, thereby tarnishing and harming Plaintiff's goodwill, as represented by Plaintiff's Marks.

52.     By reason of the foregoing, Plaintiff will be damaged by the registration of Defendant's Marks and injunctive relief should be granted pursuant to the provisions of Section 43(c) of the Trademark Act, 15 U.S.C. Section 1125(c).

**COUNT IV**
**(Pennsylvania Common Law Unfair Competition)**

53.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 52, above, as if set forth in their entirety herein.

54.     Plaintiff's licensees operate in the same business -- selling retail South Asian groceries -- as Defendant.

55.     Defendant has passed off and continues to pass off its goods as if they were the goods of Plaintiff's licensees.

56.     Defendant's aforesaid infringing activities constitute unfair competition, trademark infringement, unfair trade practices and false designation of origins and have caused, and threaten to cause, great and irreparable harm to Plaintiff by diverting revenue from Plaintiff which Plaintiff would otherwise obtain through licensing, sale, leasing or production of Plaintiff's Marks

11

57.    Defendant's aforesaid infringing activities have caused and are likely to cause continued great and irreparable harm to Plaintiff through confusion, mistake or deception in the market and in the minds of Plaintiff's licensees' customers and potential customers.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendant:

1.    That Defendant and its owner, parents, affiliates, subsidiaries, officers, directors, employees, agents, successors and assigns, and all those persons in active concert or participation with them, be temporarily, preliminarily and permanently enjoined and restrained from infringing any of the trademarks and service marks owned by Plaintiff, Plaintiff's Marks, in any manner, or any confusingly similar fashion.

2.    That Defendant and its owner, parents, affiliates, subsidiaries, officers, directors, employees, agents, successors, and assigns, and all those persons in active concert or participation with them, be temporarily, preliminarily, and permanently enjoined and restrained from conducting business in the name Patel Grocery Store or any other name that is confusingly similar to any of Plaintiff's Marks.

3.    That Defendant be required to replace or alter its business sign so that the surname Patel is not used in a way that is confusingly similar to any of Plaintiff's Marks.

4.     That Plaintiff have such other and further relief as may be appropriate.

Signed this 30 day of November, 2015.

FINEMAN, KREKSTEIN & HARRIS, P.C.

By: _____

Joseph J. Hamill, Jr.
PA Attorney ID No.: 71550
1801 Market St., Suite 1100
Philadelphia, PA 19103
jhamill@finemanlawfirm.com
(P) 215.893.8713
(F) 215.893.8719

*Attorneys for Plaintiff*
*PB Brands LLC*

Of Counsel:

Charles A. Weiss
Sean P. Barry
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th floor
New York, New York 10019
Tel: (212) 513-3200

13

# EXHIBIT A

Int. Cl.: 42

Prior U.S. Cl.: 101

Reg. No. 1,874,341

## United States Patent and Trademark Office

Registered Jan. 17, 1995

### SERVICE MARK
**PRINCIPAL REGISTER**

## PATEL BROTHERS

V. PATEL AND SONS, INC. (ILLINOIS CORPO-
RATION), DBA PATEL BROTHERS, AND
RAJA FOODS
2610 DEVON AVENUE
CHICAGO, IL 60659

FOR: RETAIL AND WHOLESALE GROCERY
STORE SERVICES, IN CLASS 42 (U.S. CL. 101).

FIRST USE 11–0–1974; IN COMMERCE
11–0–1974.
OWNER OF U.S. REG. NO. 1,647,559.
SEC. 2(F).

SER. NO. 74–437,624, FILED 9–17–1993.

KENNETH D. BATTLE, EXAMINING ATTOR-
NEY

## TRADEMARK ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

**CONVEYING PARTY DATA**

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| V. PATEL AND SONS, INC. DBA PATEL BROTHERS, AND RAJA FOODS | | 10/24/2006 | CORPORATION: ILLINOIS |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | PB BRANDS, LLC |
| Street Address: | 56-05 55TH DRIVE |
| City: | MASPETH |
| State/Country: | NEW YORK |
| Postal Code: | 11378 |
| Entity Type: | LIMITED LIABILITY COMPANY: NEW YORK |

**PROPERTY NUMBERS  Total: 8**

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 2955255 | PATEL BROTHERS CASH & CARRY |
| Registration Number: | 2042141 | PATEL'S |
| Registration Number: | 2010403 | PATEL'S CASH & CARRY |
| Registration Number: | 1874341 | PATEL BROTHERS |
| Registration Number: | 1647559 | PATEL BROTHERS |
| Registration Number: | 2043986 | PATEL'S CASH & CARRY |
| Serial Number: | 78856532 | PATEL FOOD MART |
| Serial Number: | 78856313 | PATEL FOOD MART |

**CORRESPONDENCE DATA**

Fax Number:        (703)836-5288
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:        703-684-5600
Email:        jim@sagllp.com

900060973

**TRADEMARK
REEL: 003415 FRAME: 0354**

| | |
|---|---|
| Correspondent Name: | JAMES E. SHLESINGER |
| Address Line 1: | 1420 KING STREET, SUITE 600 |
| Address Line 4: | ALEXANDRIA, VIRGINIA   22314 |

| | |
|---|---|
| ATTORNEY DOCKET NUMBER: | R5522 |
| NAME OF SUBMITTER: | JAMES E. SHLESINGER |
| Signature: | /JES/ |
| Date: | 10/25/2006 |

Total Attachments: 4
source=V PATEL AND SONS ASSIGNMENT#page1.tif
source=V PATEL AND SONS ASSIGNMENT#page2.tif
source=V PATEL AND SONS ASSIGNMENT#page3.tif
source=V PATEL AND SONS ASSIGNMENT#page4.tif

## <u>ASSIGNMENT OF TRADEMARK REGISTRATIONS</u>

WHEREAS, V. PATEL AND SONS, INC. DBA PATEL BROTHERS, AND RAJA FOODS, a corporation organized under the laws of the State of Illinois, of 2610 Devon Avenue, Chicago, Illinois 60659, has adopted and used the following marks which are registered in the United States Patent and Trademark Office, or for which said assignor has filed applications for registration in the United States Patent and Trademark Office, as shown in the attached Schedule, and;

WHEREAS, PB BRANDS, LLC, a limited liability company organized under the laws of the State of New York, of 56-05 55th Drive, Maspeth, New York 11378, is desirous of acquiring said marks and the registration, and application for registration thereof;

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, said V. PATEL AND SONS, INC. DBA PATEL BROTHERS, AND RAJA FOODS does hereby assign unto the said PB BRANDS, LLC all right, title and interest in and to

**TRADEMARK**
**REEL: 003415 FRAME: 0356**

the said marks, together with the good will of the business symbolized by the marks, and the above identified registrations, and applications for registration thereof.

The Commissioner of Patents and Trademarks is requested to issue the certificate of registration for the applications to register mark to said assignee.

V. PATEL AND SONS, INC.
DBA PATEL BROTHERS,
AND RAJA FOODS

By: _M·V· Reed_

Name: _MAFAT V· PATEL_

Title: _President_

State of Illinois )
) ss
County of )

On this **24th** day of **October**, 2006, before me appeared _Mr· Mafat V· Patel_, the person who

_Name_

signed this instrument, who acknowledged that he signed it as a free act on behalf of V. Patel and Sons, Inc. dba Patel Brothers, and Raja Foods.

_Notary Public_

"OFFICIAL SEAL"
ROHIT MANIAR
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 09/26/2007

"OFFICIAL SE.
ROHIT MANIAR
NOTARY PUBLIC STATE OF
My Commission Expires 09/

**TRADEMARK
REEL: 003415 FRAME: 0357**

## SCHEDULE

### U.S.A.

### REGISTERED MARKS

| MARK | REG. NO. | REG. DATE |
|---|---|---|
| PATEL BROTHERS CASH & CARRY | 2,955,255 | 05/24/2005 |
| PATEL'S | 2,042,141 | 03/04/1997 |
| PATEL'S CASH & CARRY | 2,010,403 | 11/22/1996 |
| PATEL BROTHERS | 1,874,341 | 01/17/1995 |
| PATEL BROTHERS | 1,647,559 | 06/11/1991 |
| PATEL'S CASH & CARRY | 2,043,986 | 03/11/1997 |

### PENDING APPLICATIONS

| MARK | SERIAL NO. | FILING DATE |
|---|---|---|
| PATEL FOOD MART | 78/856,532 | 04/07/2006 |
| PATEL FOOD MART | 78/856,313 | 04/07/2006 |

SCHEDULE

CANADA

REGISTERED MARKS

| MARK | REG. NO. | REG. DATE |
|------|----------|-----------|
| PATEL BROTHERS | 567,764 | 09/20/2002 |

PENDING APPLICATIONS

| MARK | SERIAL NO. | FILING DATE |
|------|------------|-------------|
| PATEL'S | 1,276,843 | 10/24/2005 |

# EXHIBIT B

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**Reg. No. 2,043,986**

## United States Patent and Trademark Office     Registered Mar. 11, 1997

### SERVICE MARK
### PRINCIPAL REGISTER

## PATEL'S CASH & CARRY

V. PATEL AND SONS, INC. (ILLINOIS CORPO-
RATION), DBA PATEL BROTHERS AND
DBA RAJA FOODS,
2610 DEVON AVENUE
CHICAGO, IL 60659

FOR: RETAIL AND WHOLESALE GROCERY
STORE SERVICES, IN CLASS 42 (U.S. CLS. 100
AND 101).
FIRST USE 7-0-1996; IN COMMERCE
7-0-1996.

OWNER OF U.S. REG. NO. 1,647,559.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CASH & CARRY", APART
FROM THE MARK AS SHOWN.

SEC. 2(F).

SN 74-426,381, FILED 8-19-1993.

DARLENE BULLOCK, EXAMINING ATTOR-
NEY

## TRADEMARK ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

### CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| V. PATEL AND SONS, INC. DBA PATEL BROTHERS, AND RAJA FOODS | | 10/24/2006 | CORPORATION: ILLINOIS |

### RECEIVING PARTY DATA

| | |
|---|---|
| Name: | PB BRANDS, LLC |
| Street Address: | 56-05 55TH DRIVE |
| City: | MASPETH |
| State/Country: | NEW YORK |
| Postal Code: | 11378 |
| Entity Type: | LIMITED LIABILITY COMPANY: NEW YORK |

### PROPERTY NUMBERS  Total: 8

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 2955255 | PATEL BROTHERS CASH & CARRY |
| Registration Number: | 2042141 | PATEL'S |
| Registration Number: | 2010403 | PATEL'S CASH & CARRY |
| Registration Number: | 1874341 | PATEL BROTHERS |
| Registration Number: | 1647559 | PATEL BROTHERS |
| Registration Number: | 2043986 | PATEL'S CASH & CARRY |
| Serial Number: | 78856532 | PATEL FOOD MART |
| Serial Number: | 78856313 | PATEL FOOD MART |

### CORRESPONDENCE DATA

Fax Number:       (703)836-5288

*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*

Phone:            703-684-5600

Email:            jim@sagllp.com

*(vertical text, right margin)* 2955255   CH  $215.00

| Correspondent Name: | JAMES E. SHLESINGER |
| --- | --- |
| Address Line 1: | 1420 KING STREET, SUITE 600 |
| Address Line 4: | ALEXANDRIA, VIRGINIA   22314 |

| ATTORNEY DOCKET NUMBER: | R5522 |
| --- | --- |
| NAME OF SUBMITTER: | JAMES E. SHLESINGER |
| Signature: | /JES/ |
| Date: | 10/25/2006 |

Total Attachments: 4
source=V PATEL AND SONS ASSIGNMENT#page1.tif
source=V PATEL AND SONS ASSIGNMENT#page2.tif
source=V PATEL AND SONS ASSIGNMENT#page3.tif
source=V PATEL AND SONS ASSIGNMENT#page4.tif

## ASSIGNMENT OF TRADEMARK REGISTRATIONS

WHEREAS, V. PATEL AND SONS, INC. DBA PATEL BROTHERS, AND RAJA FOODS, a corporation organized under the laws of the State of Illinois, of 2610 Devon Avenue, Chicago, Illinois 60659, has adopted and used the following marks which are registered in the United States Patent and Trademark Office, or for which said assignor has filed applications for registration in the United States Patent and Trademark Office, as shown in the attached Schedule, and;

WHEREAS, PB BRANDS, LLC, a limited liability company organized under the laws of the State of New York, of 56-05 55th Drive, Maspeth, New York 11378, is desirous of acquiring said marks and the registration, and application for registration thereof;

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, said V. PATEL AND SONS, INC. DBA PATEL BROTHERS, AND RAJA FOODS does hereby assign unto the said PB BRANDS, LLC all right, title and interest in and to

**TRADEMARK**
**REEL: 003415 FRAME: 0356**

the said marks, together with the good will of the business symbolized by the marks, and the above identified registrations, and applications for registration thereof.

The Commissioner of Patents and Trademarks is requested to issue the certificate of registration for the applications to register mark to said assignee.

V. PATEL AND SONS, INC.
DBA PATEL BROTHERS,
AND RAJA FOODS

By: _M·V· Patel_

Name: _MAFAT V· PATEL_

Title: _President_

State of Illinois          )
                           ) ss
County of                  )

On this _14th_ day of _October_ , 2006, before me appeared _Mr. Mafat V. Patel_ , the person who
                                              Name
signed this instrument, who acknowledged that he signed it as a free act on behalf of V. Patel and Sons, Inc. dba Patel Brothers, and Raja Foods.

_Notary Public_

"OFFICIAL SEAL"
ROHIT MANIAR
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 09/26/2007

"OFFICIAL SE.
ROHIT MANIAR
NOTARY PUBLIC STATE OF
My Commission Expires 09/

**TRADEMARK**
**REEL: 003415 FRAME: 0357**

## SCHEDULE

## U.S.A.

### REGISTERED MARKS

| MARK | REG. NO. | REG. DATE |
|---|---|---|
| PATEL BROTHERS CASH & CARRY | 2,955,255 | 05/24/2005 |
| PATEL'S | 2,042,141 | 03/04/1997 |
| PATEL'S CASH & CARRY | 2,010,403 | 11/22/1996 |
| PATEL BROTHERS | 1,874,341 | 01/17/1995 |
| PATEL BROTHERS | 1,647,559 | 06/11/1991 |
| PATEL'S CASH & CARRY | 2,043,986 | 03/11/1997 |

### PENDING APPLICATIONS

| MARK | SERIAL NO. | FILING DATE |
|---|---|---|
| PATEL FOOD MART | 78/856,532 | 04/07/2006 |
| PATEL FOOD MART | 78/856,313 | 04/07/2006 |

SCHEDULE

CANADA

REGISTERED MARKS

| MARK | REG. NO. | REG. DATE |
|------|----------|-----------|
| PATEL BROTHERS | 567,764 | 09/20/2002 |

PENDING APPLICATIONS

| MARK | SERIAL NO. | FILING DATE |
|------|-----------|-------------|
| PATEL'S | 1,276,843 | 10/24/2005 |